Archibald C. Wemple, J.
The new rule 113 of the Rules of Civil Practice, adopted by the four Presiding Justices of the First, Second, Third and Fourth Judicial Departments, and effective March 1, 1959, states (subd. 2) that “A motion for summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions, written admissions, etc.” Said rule 113 continues, “ The motion shall be granted if, upon all the papers and proof submitted, the action or claim or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment, interlocutory or final, in favor of any party.”
The affidavit of the defendant herein avers that the 6 ‘ buyer ’ ’ under the conditional sales contract, was a resident of the City of Troy, and that no conditional sales contract was filed in said County of Rensselaer. Said defendant’s affidavit further alleges purchase of the chattel in good faith and wrongful replevin, both of which are conclusions of law unsupported by facts in the affidavit or documentary proof.
It is apparent from the moving affidavit that there are distinct questions of fact which must be resolved in a trial and which should not be accepted as conclusions without supporting documentation or proof. One of the crucial points in this lawsuit revolves around the actual residence of one Harry Collegian at the time of the execution of the contract, and it will be necessary at the trial to produce proof of facts concerning this disputed question of residence.
Since there are questions of fact outstanding and to be determined which can only be properly resolved upon a trial, the motion to dismiss the plaintiff’s complaint and reply herein, and a summary judgment, is denied.
The Schenectady County Court will commence a Jury Term on March 16, 1959 at which time each party will have an opportunity to have his “ day in court.”
Submit order accordingly.